O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2271 AHM (PJWx) | | Date | August 27, 2009 |
|---|---|---|---|---|
| Title | TERESA G. CUEVAS v. COUNTYWIDE HOME LOANS, INC. et al. | | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**    IN CHAMBERS (No Proceedings Held)

On March 2, 2009, Plaintiff Teresa Cuevas filed a complaint in the Santa Barbara County Superior Court alleging that Defendants Countrywide Home Loans, Inc. ("Countrywide"), Recontrust Company ("Recontrust"), Mortgage Electronic Registration Systems ("MERS"), and Central Pacific Mortgage Company ("CPM") engaged in illegal lending practices. Plaintiff also recorded a *lis pendens* against her property, on which Defendant was moving to foreclose. Defendants Countrywide, Recontrust, and MERS removed the case to this Court, and on April 7, 2009 these defendants moved to dismiss the lawsuit for failure to state a claim. They also filed separate motions to expunge the lis pendens and to strike Plaintiff's request for attorney's fees.

## MOTION TO DISMISS

For the reasons discussed below, this Court dismisses Plaintiff's claims against MERS, and all of her federal law claims. If Plaintiff fails to amend her pleadings to state a viable federal claim, this Court will likely decline to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c).

## I.    BACKGROUND

In May 2006, Plaintiff took out a $380,000 mortgage with Defendant CPM. (Countrywide's Req. for Judicial Notice, Ex. 1.) Two years later, Defendant Recontrust concluded that Plaintiff had defaulted, and moved to foreclose on the property. Defendant Countrywide is allegedly the "current beneficiary or servicing agent" of the mortgage. (Compl. ¶ 28.)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2271 AHM (PJWx) | Date | August 27, 2009 |
|---|---|---|---|
| Title | TERESA G. CUEVAS v. COUNTYWIDE HOME LOANS, INC. et al. | | |

On March 2, 2009, Plaintiff filed a complaint in Santa Barbara County Superior Court.[1] The Complaint alleges violations of various California statutes that govern lending practices, including a law that requires certain contracts to be translated into the language in which they were negotiated. (Compl. ¶ 13, 16.) The Complaint also alleges violations of the following federal statutes and regulations: the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1637; the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq.; the Federal Trade Commission Act, 15 U.S.C. §§ 41-58; and "Regulation Z", 12 CFR § 226.23(a)(3). (Compl. ¶ 19.) Based on these alleged violations, Plaintiff seeks declaratory relief, equitable relief, and damages.

Defendants Countrywide, Recontrust, and MERS now move to dismiss the case for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6), 8(a), and 9(b). These Defendants also move to expunge the *lis pendens* and to strike Plaintiff's claim for attorney's fees. In Plaintiff's largely incoherent opposition brief, her lawyer fails to address directly Defendants' argument that the federal law violations are insufficiently pled.[2] (*See* Opposition 10.)

## II. ANALYSIS

### A. Plaintiff States No Factual Allegations Against MERS

The moving defendants assert that the claims against MERS must be dismissed because "[t]here is not a single, discernable allegation of wrongdoing against it." (Mot. to Dismiss 4.) Defendants are correct. The Complaint lacks any factual allegations concerning MERS, and it therefore is impossible to discern what claims Plaintiff is alleging against MERS or the grounds upon which such claims might rest. The Court

---

[1] The Court observes that Plaintiff's complaint appears to be formulaic and boilerplate — possibly untailored to Plaintiff's specific circumstances. The Complaint is identical to seven others filed by Plaintiff's counsel in other cases. (*See* Countrywide's Request for Judicial Notice, Exs. 3-9.)

[2] Plaintiff filed her opposition brief two days past the deadline. However, the Court will excuse Plaintiff's tardiness this time. In the future, Plaintiff should adhere to this Court's filing deadlines.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2271 AHM (PJWx) | Date | August 27, 2009 |
|---|---|---|---|
| Title | TERESA G. CUEVAS v. COUNTYWIDE HOME LOANS, INC. et al. | | |

therefore dismisses the Complaint as to MERS, with leave to amend.

### B.   Plaintiff Fails to Support Her Federal Law Claims With any Factual Allegations

Plaintiff's complaint seeks a declaratory judgment that Defendants violated HOEPA, TILA, the Federal Trade Commission Act, and Regulation Z. (Compl. ¶ 19.) Plaintiff fails to state a claim under these federal laws because she does not allege facts that would raise a right to relief above the speculative level.

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. In considering this motion, the allegations of the complaint must be accepted as true and are to be construed in the light most favorable to the nonmoving party. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, to survive a 12(b)(6) motion these "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

With respect to Plaintiff's federal law claims, Plaintiff does not allege any facts whatsoever. Instead, she states: "[t]he full details of these violations is [sic] presently unknown to Plaintiff, however, when these facts are ascertained through discovery and investigation, this complaint will be amended with leave of the court to allege those facts." (Compl. ¶ 19.) Plaintiff's opposition brief merely reiterates the bare bones, unsupported allegation that Defendants violated federal law. (Opposition 10.)

The Court therefore dismisses Plaintiff's claim for a declaratory judgment that Defendants violated HOEPA, TILA, the Federal Trade Commission Act, and Regulation Z.

### LIS PENDENS; ATTORNEY'S FEES

The Motion to Strike and the Motion to Expunge Lis Pendens remain under submission. If this Court declines to exercise supplemental jurisdiction over the state law

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2271 AHM (PJWx) | Date | August 27, 2009 |
|---|---|---|---|
| Title | TERESA G. CUEVAS v. COUNTYWIDE HOME LOANS, INC. et al. | | |

claims, as is very likely, it will be appropriate for the state court to decide the issues raised in those motions.

Given the short additional time that the plaintiff is being given to cure the above defects, it is unnecessary for the Court to consider at this time whether principles of equity militate in favor of imposing a bond requirement to cushion against any adverse effect from the continuation of the *lis pendens*.

## CONCLUSION

For the above reasons, the Court dismisses, with leave to amend, all claims against MERS and all Plaintiff's federal law claims. If Plaintiff wishes to amend her complaint she must do so on or before **September 8, 2009**. If Plaintiff fails to state a viable claim under federal law, this Court will likely decline to exercise supplemental jurisdiction over the remaining state law claims.

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

:

Initials of Preparer    se